IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN D. CLAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CONOCOPHILLIPS COMPANY, | § | |
| WACHOVIA BANK, NATIONAL | § | Civil Action No.  4:08-CV-03447 |
| ASSOCIATION; JAMES MCMORRAN, | § | |
| AND THE AMENDED AND RESTATED | § | |
| BURLINGTON RESOURCES, INC. | § | |
| EMPLOYEE CHANGE IN CONTROL | § | |
| SEVERANCE PLAN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS CONOCOPHILLIPS COMPANY AND JAMES MCMORRAN'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants ConocoPhillips Company and James McMorran (collectively referred to as "ConocoPhillips") file this Response to Plaintiff's Motion for Leave to File Plaintiff's Third Amended Complaint.

## I. INTRODUCTION

This is an Employee Retirement Income Security Act of 1974 ("ERISA") case. Additionally, Plaintiff has made a breach of contract claim.  The case began on October 6, 2008, when John Clayton, the plaintiff, filed his Original Petition in state court.  He alleged that he was entitled to certain benefits from Burlington Resources Inc. Employee Change in Control Severance Plan.  ConocoPhillips timely answered and asserted ERISA preemption as an affirmative defense.  Later, ConocoPhillips filed its Notice of Removal based on federal question jurisdiction.  On December 19, 2008, Plaintiff filed his Motion to Remand.  (*See* Docket No. 8.)

80785212.2

On March 23, 2009, the Court determined that Plaintiff's claims related to the Burlington Resources Inc. Employee Change in Control Severance Plan were preempted by ERISA and denied Plaintiff's Motion to Remand. (*See* Docket No. 16.)

On June 5, 2009, Plaintiff filed his First Amended Complaint. (*See* Docket No. 20.) On August 31, 2009, Plaintiff filed his Second Amended Complaint.[1] (*See* Docket No. 39.) In that amendment, Plaintiff formalized his ERISA claims, but continued to assert his prescripted breach of contract claims. Now, Plaintiff untimely seeks to amend his complaint for the third time to assert a common law fraud claim. However, Plaintiff cannot establish that good cause exists to permit his untimely amendment. Therefore, Plaintiff's Motion for Leave to File Plaintiff's Third Amended Complaint should be denied.

## II. ARGUMENT AND AUTHORITIES

**A.  Federal Rule of Civil Procedure 16(b) Governs Plaintiff's Request.**

In his Motion for Leave, Plaintiff relies on Federal Rule of Civil Procedure 15 to argue that he is entitled to leave. (*See* Docket No. 56 at 2). That, however, is not the correct rule. In this case, there is a docket control order with a deadline for amending pleadings. That deadline has passed. As the Fifth Circuit has repeated, "Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *accord S&W Enters. v. Southtrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003); *see also* FED. R. CIV. P. 16(b)(4).

Pursuant to Rule 16(b)(4)'s more stringent standard, leave to amend is proper only if the party seeking leave demonstrates that good cause exists to modify the scheduling order; only

---

[1] Pursuant to the Court's Docket Control Order, the deadline to amend pleadings was August 31, 2009. (*See* Docket No. 26.)

then will Rule 15(a)'s more liberal standard apply to the district court's decision to grant or deny leave.[2]  *See Fahim,* 551 F3d at 348; *S&W Enters.,* 315 F.3d at 536.

In determining whether good cause exists, courts consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Fahim*, 551 F.3d at 348; *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  In this case, the factors militate against leave to amend.

### 1. Plaintiff Offers No Explanation For His Untimely Request.

In this matter, the deadline to amend pleadings was August 31, 2009.  (*See* Docket No. 26.)  Plaintiff did not request to amend his complaint until March 11, 2010, over seven months after the deadline.  More importantly, Clayton fails to offer any explanation—let alone good reason—for his failure to timely move for leave to amend.  Thus, Plaintiff has not established that good cause exists to permit the amendment.  *See Fahim*, 551 F.3d at 348 (holding that although that the court could have continued the trial to alleviate any prejudice to the defendant, it declined to do so because the plaintiff offered no explanation for her untimely request).

Plaintiff's failure is not surprising.  There is no good reason.  All of the facts underlying the supposed new cause of action long have been known to Plaintiff.  The same facts were known to Clayton from the time he filed his Original Petition to the time he amended his complaints in June 2009 and in August 2009 to the time he moved for leave to amend his complaint for the third time.  *See S&W Enters.*, 315 F.3d at 536; *see also Jackson v. Boise*

---

[2] Under the Federal Rule of Civil Procedure 15 analysis, the district court may consider factors such as whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation omitted); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 661, 691 (S.D. Tex. 2007) (finding that futility is a valid reason for denying leave to amend).

*Locomotive*, No. H-08-2545, 2009 U.S. Dist. LEXIS 64832, *16-17 (S.D. Tex. July 28, 2009) ("The court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'"). Rather, this amendment is little more than an attempt to avoid the discovery restrictions in this case. That is because Plaintiff's claim is an ERISA claim, discovery and evidence will be limited to the administrative record. Plaintiff is attempting this eleventh-hour fraud claim, which is explained below to seek these damages.

### 2. Plaintiff's Amendment is Not Important.

Even if there were new facts or some other explanation for Plaintiff's last-second amendment, the Court still should not grant leave. The amendment would be futile because Plaintiff's fraud claim is not cognizable.

#### a. *Plaintiff's common law fraud claim is preempted by ERISA.*

There is no question that Plaintiff's claim for benefits—whether he calls it a contract claim or as in his proposed amendment a fraud claim—is completely preempted by ERISA. Pursuant to 29 U.S.C. § 1144(a), ERISA supersedes "any and all state laws[3] insofar as they may now or hereafter relate to any [ERISA] employee benefit plan." 29 U.S.C. § 1144(a). The phrase "relate to" is construed to encompass any state law that has a "connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990); *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995). Claims that make specific reference to, and are premised on the existence of, an ERISA employee benefit plan necessarily "relate to" such a plan and are, thus, preempted by ERISA. *Ingersoll-Rand Co.*, 498 U.S. at 139; *Saldana v. Aetna U.S. Healthcare,*

---

[3] ERISA defines state law to include: "All laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c).

233 F. Supp. 2d 812, 816 (S.D. Miss. 2002) (holding that the plaintiffs' state law claim was preempted because it referred to, and had a connection with, conduct relating to an ERISA plan); *Franks v. Prudential Health Care Plan, Inc.,* 164 F. Supp. 2d 865, 874 (W.D. Tex. 2001). In other words, a state law claim is preempted by ERISA if the claim could not be made if the plan ceased to exist. *Franks,* 164 F. Supp. 2d at 874. Furthermore, if a state law claim arises out of the administration of benefits under an ERISA plan, the claim is preempted. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004); *see also Blum v. Spectrum Rest. Group, Inc.*, Case No. 4:02-cv-92, 2003 U.S. Dist. LEXIS 27274, at *21-22 (E. D. Tex. Apr. 14, 2003). ERISA preemption applies "even if the action arises under general state law that in and of itself has no impact on employee benefit plans." *Lee v. E. I. Du Pont de Nemours & Co*., 894 F.2d 755, 756 (5th Cir. 1990).

A fraud claim falls within ERISA's preemption when it is based on the denial of benefits. *See Reliable Home Care v. Union Cent. Ins. Co.,* 295 F.3d 505, 516 (5th Cir. 2002); *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1220 (5th Cir. 1992). When a plaintiff's fraud claim is dependent on the administration of an ERISA plan, the claim is also preempted. *See Reliable Home Health Care,* 295 F3d at 516. That is the situation in the instant case.

This Court previously determined that Plaintiff's claims regarding his claim for severance benefits are completely preempted by ERISA. (*See* Docket No. 16.) Although Plaintiff is attempting to allege a fraud claim, his alleged damages relating to this claim, if any, are the same severance benefits that he seeks in his ERISA claim. In other words, Clayton's fraud claim relates to his ERISA denial of benefits claims, and as a result, it is completely preempted. Consequently, Plaintiff's attempt to amend his complaint to assert a denial of ERISA benefits claim in disguise as a fraud claim is futile. *See Harlan v. Bank of Am., Inc*., No. H-06-0963,

2006 U.S. Dist. LEXIS 86566, *4-5 (S.D. Tex. Nov. 27, 2006) (denying the plaintiff's motion for leave to amend because the plaintiff failed to show that good cause for leave to file an untimely second amended complaint adding futile claims existed).

### 3. A Contract Claim Cannot Be Transformed Into a Fraud Claim.

Additionally, to the extent that Plaintiff somehow is not seeking benefits preempted by ERISA, his fraud claims are barred by the independent injury rule. Under that rule, a party cannot ignore its contract to pursue tort claims on matters covered and governed by the contract. *See DeWitt County Elec. Co-op., Inc. v. Parks*, 1s S.W.3d 96, 105 (Tex. 1999); *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991); *ExxonMobil Corp. v. Kinder Morgan Operating L.P.*, 192 S.W.3d 120 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

As a Texas Court of Appeals explained, there may be relationships that "create duties under both tort and contract law." *ExxonMobil*, 192 S.W.3d at 126. Still, the independent injury rule provides that even if a defendant's conduct might give rise to liability under contract and tort theories, "if the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *See id.* at 127 (citing *DeLanney*, 809 S.W.2d at 494).

To determine whether the claim is really a contract claim masquerading as a tort, courts examine the nature of the claimed injury. *Exxon Mobil*, 192 S.W.3d at 126 ("The nature of the claimed injury usually determines whether the breached duty lies in tort or contract."); *accord Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 18 (Tex. 1986). "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *ExxonMobil*, 192 S.W.3d at 126*; accord DeLanney,* 809 S.W.2d at 494-495. In other words, a case sounds only in contract "when the contract spells out the parties' respective rights about a subject matter." *Exxon Mobil*, 192 S.W.3d at 126  In that situation, "the contract—not

common law tort theories—governs any dispute about the subject matter. *Exxon Mobil*, 192 S.W.3d at 126; *accord DeWitt County Elec. Co-op.,* 1 S.W.3d at 105.

In this case, in both his contract and fraud causes of action, Plaintiff claims that he is entitled to benefits under the Change in Control Severance Plan. As to his breach of contract claims, in written discovery, Plaintiff described his alleged damages. He listed the monies he allegedly would have received under the Change in Control Severance Plan. (*See* Plaintiff's Answers and Objections to ConocoPhillips Company and James D. McMorran's First Set of Interrogatories, Answer No. 10 ("Plaintiff further responds that his damages include approximately $1,100,000 based on The Burlington Resources Change in Control Severance Plan . . . ."). Likewise, in his proposed amended complaint, Plaintiff claims that his fraud damages are "severance benefits under the Change in Control Plan." (*See* Putative Third Am. Cmplt. of John Clayton ¶¶ 99, 103.)

The damages in Plaintiffs fraud claim are the same as those in his breach of contract claims. Both claims are based on the same operative facts. As such, under Texas law, Plaintiff has no fraud claims and allowing amendment of Plaintiff's pleading would serve no purpose.

**4.     ConocoPhillips Will Be Prejudiced By Plaintiff's Request.**

Furthermore, Plaintiff's attempt to amend his complaint over seven months after the amendment deadline and a few days before the discovery deadline will prejudice ConocoPhillips. Specifically, ConocoPhillips has not had time to seek discovery regarding this new claim. Moreover, the current dispositive motion deadline is April 19, 2010, which limits ConocoPhillips' opportunity to engage in motion practice regarding Plaintiff's common law fraud claim. As a result, despite his assertion, ConocoPhillips will be prejudiced by the amendment *See Fahim*, 551 F.3d at 348 (finding that the defendant would have been prejudiced if it had been forced to defend against a new claim and basis for recovery so late in the

litigation); *see also Montalvo v. City of Houston*, No. H-08-2674, 2009 U.S. Dist. LEXIS 64011, *4-5 (S.D. Tex. July 22, 2009) (holding that the defendant would be prejudiced by the motion for leave because the defendant had already conducted discovery on the claims in the plaintiff's Second Amended Complaint and should not be required to redo that discovery as well as conduct new discovery on the new allegations in the plaintiff's Third Amended Complaint before the discovery deadline).

### 5. The Court Has Discretion to Deny Plaintiff's Request.

Finally, although a continuance could possibly cure the prejudice, the Court can exercise its discretion to preserve the integrity and purpose of the Docket Control Order, especially when Clayton failed to offer a valid explanation for his untimely request to amend. *See Montalvo*, 2009 U.S. Dist. LEXIS 64011 at *4-5. Consequently, ConocoPhillips respectfully requests that the Court deny Plaintiff's Motion for Leave to File Plaintiff's Third Amended Compliant.

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants ConocoPhillips Company and James McMorran, pray that the Court deny Plaintiff John Clayton's Motion for Leave to File Plaintiff's Third Amended Compliant and for such other and further relief, both in law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.


*/s/ Edward B. Adams, Jr.* _____
   with permission for Shauna Johnson Clark
   State Bar No. 00790977
   Federal I.D. No. 18235
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
sclark@fulbright.com

Attorney-in-Charge for
Defendants ConocoPhillips Company and
James McMorran

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.
Edward B. Adams, Jr.
State Bar No. 00790200
Federal I.D. No. 19186
eadams@fulbright.com

Carolanda Bremond
State Bar No. 24045548
Federal I.D. No. 573623
cbremond@fulbight.com

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure *via EFC notification* and *Certified Mail, Return Receipt Requested* on March 25, 2010.

> Mr. Joseph Y. Ahmad
> Ms. Jane Robinson
> Ahmad, Zavitsanos & Anaipakos, P.C.
> 3460 One Houston Center
> 1221 McKinney Street
> Houston, Texas 77010
>
> Ms. Laura Gibson
> Ogden, Gibson, Broocks & Longoria, L.L.P.
> 1900 Pennzoil South Tower
> 711 Louisiana Street
> Houston, Texas 77002

            */s/ Edward B. Adams, Jr.*
            Edward B. Adams, Jr.