IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN D. CLAYTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3447 |
| | § | |
| CONOCOPHILLIPS COMPANY, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff John D. Clayton's Motion for Leave to File Third Amended Complaint ("Motion to Amend") [Doc. # 56]. Defendants ConocoPhillips Company ("ConocoPhillips") and James McMorran filed a Response [Doc. # 59], Plaintiff filed a Reply [Doc. # 61], and Defendants filed a Sur-Reply [Doc. # 62]. Having reviewed the full record and applied governing legal authorities, the Court concludes that Plaintiff has not shown good cause as required by Rule 16 of the Federal Rules of Civil Procedure. Consequently, the Motion to Amend is **denied**.

### I.    BACKGROUND

Plaintiff filed his Original Petition in state court on October 2, 2008. Plaintiff alleged that, at the time of the merger of Burlington Resources, Inc. ("Burlington") and ConocoPhillips, he was employed by Burlington as the Director of Worldwide

Acquisitions and Divestitures. Plaintiff alleged that the Burlington Resources, Inc. Employee Change in Control Severance Plan (the "Plan") provided for employees to receive severance pay if they were terminated for "Good Reason" within two years of the merger. ConocoPhillips asked Plaintiff to remain employed with the company after the merger.

By letter dated March 14, 2006 ("Offer Letter"), ConocoPhillips formally offered Plaintiff a post-merger position with the company and outlined Plaintiff's new salary, position, and terms of employment. In exchange for the offer of employment, ConocoPhillips asked Plaintiff to sign a waiver which provided in part that he would "continue to be entitled to all other rights relating to benefits for which [he was] eligible or may become eligible in the future due to . . . any subsequent event or condition which may constitute "Good Reason" as that term is defined in" the Plan. *See* Original Petition, Att. to Doc. # 1, ¶ 16. Plaintiff accepted the offer and signed the waiver.

Plaintiff alleged in the Original Petition that his job responsibilities and position at ConocoPhillips were substantially reduced and "turned out to be different from and inferior to the position described in the Offer Letter." *See id.*, ¶ 19. Plaintiff asserted a breach of contract claim against ConocoPhillips, claiming that ConocoPhillips

"failed and knowingly refused to honor its contractual obligations to Clayton under the Offer Letter." *Id.*, ¶ 25.

ConocoPhillips removed the case to federal court, arguing that the breach of contract claim was preempted by the Employee Retirement Income Security Act ("ERISA"). Plaintiff filed a Motion to Remand [Doc. # 8], which was denied by the Honorable Sim Lake in a Memorandum Opinion and Order [Doc. # 16] entered March 23, 2009. Judge Lake concluded that the breach of contract claim was completely preempted by ERISA. *See* Memorandum Opinion and Order, p. 15.

On June 5, 2009, Plaintiff filed his First Amended Complaint [Doc. # 20], in which he asserted basically the same factual allegations, included the breach of contract claim regarding the Offer Letter that Judge Lake held was completely preempted by ERISA, asserted a breach of contract claim for an alleged breach of the Plan, and added an ERISA claim for benefits under the Plan.

After the case was reassigned to this Court's docket, a new scheduling order was entered establishing August 31, 2009, as the deadline for amendments to pleadings.[1] *See* Docket Control Order [Doc. # 26]. On the August 31, 2009, deadline, Plaintiff filed a Second Amended Complaint [Doc. # 39]. In the Second Amended

---

[1] Prior to reassignment of the case, the deadline for amendments to pleadings was June 5, 2009. *See* Docket Control Order [Doc. # 18].

Complaint, Plaintiff presented the same factual allegations contained in the First Amended Complaint. Plaintiff reasserted the breach of contract claim regarding the Offer Letter, the breach of contract claim regarding an alleged breach of the Plan, and the ERISA claim for benefits.

On March 11, 2010, more than six months after the amendments deadline expired and three days before the close of discovery, Plaintiff filed his Motion to Amend. Plaintiff seeks to "clarify his pleadings," to add an allegation that there was a lack of consideration for the waiver, and to add a common law fraud claim based on alleged misrepresentations made by ConocoPhillips to induce Plaintiff to sign the waiver. The Motion to Amend has been fully briefed and is ripe for decision.

## II.   RULE 16 STANDARD

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b). Rule 16(b) requires a party "to show that the deadlines cannot

reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

### III. ANALYSIS

#### A. Explanation for Failure to Amend By Deadline

In the Motion to Amend, Plaintiff offers no explanation for his failure to include the proposed amendments in the Second Amended Complaint filed by the August 31, 2009, deadline.

In his Reply, Plaintiff repeatedly concedes that he has known – since before he filed the Original Petition – the facts and legal theories which he now seeks to add through the Third Amended Complaint. *See, e.g.,* Reply, p. 7 ("none of the facts or theories Clayton has raised in his proposed amended complaint are new but rather are the same as detailed in his submissions before the administrator"); pp. 8-9 (the proposed fraud claim "focuses on the facts on which Clayton has always intended to

base his claims"); p. 15 ("Clayton laid out the same facts and theories that form his Third Amended Complaint in extensive detail throughout the administrative process in this case").

"In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit). As a result, these admissions regarding Plaintiff's prior knowledge provide a clear basis to deny the Motion to Amend.

Plaintiff asserts in the Reply, however, that the Motion to Amend was late by more than six months because Plaintiff now believes that ConocoPhillips is

misreading the Second Amended Complaint. It is unclear how ConocoPhillips's reading of the Second Amended Complaint, whether accurate or inaccurate, explains Plaintiff's significant delay in seeking to add a new fraud claim and a new allegation of lack of consideration that are not in the Second Amended Complaint at all.

Plaintiff has conceded that he has known the factual and legal basis for his proposed amendment since the administrative proceedings before the lawsuit was filed. Plaintiff offers no reasonable explanation for not including those new claims in the Original Petition, the First Amended Complaint, or the Second Amended Complaint. This factor weighs heavily against allowing the untimely amendment. Indeed, Plaintiff's knowledge of the facts and legal theories before he filed the Original Petition is an adequate basis for the Court to exercise its discretion to deny the Motion to Amend.

**B.** **Importance of the Amendment**

The proposed amendment is not important to the extent Plaintiff seeks to "clarify" his claims. Plaintiff maintains that the Second Amended Complaint accurately sets forth his breach of contract claims. If Plaintiff is correct, his assumption that Defendants misunderstand those claims does not require Plaintiff to amend, particularly at this late date. If, on the other hand, Defendants are correct and

Plaintiff has not included certain aspects of the breach of contract claims in the Second Amended Complaint, the amendment may be more important to Plaintiff.

The proposed addition of the lack of consideration and fraudulent inducement claims are, apparently, important to Plaintiff. Defendants argue, however, that the proposed addition of the fraud claim is futile because the claim would be preempted by ERISA. Although the Court reaches no decision on the preemption issue at this point, the potential futility of the amendment reduces its importance to Plaintiff.

The "importance" factor weighs slightly in favor of allowing the proposed Third Amended Complaint.

### C. Potential Prejudice in Allowing the Amendment

Defendants will suffer significant prejudice if Plaintiff is granted leave to amend to add the new claims. Defendants will suffer prejudice if Plaintiff is allowed to add the fraud claim because they will be required to litigate the preemption issue as to that claim, greatly increasing the time and expense required to defend this case.

Defendants will also be prejudiced because the discovery deadline expired three days after the Motion to Amend was filed. Defendants conducted months of discovery based on the allegations in Plaintiff's Second Amended Complaint and should not be required to conduct additional discovery, including redoing discovery already completed, to address the new, untimely claims.

Defendants will also be prejudiced because the motions deadline is in approximately one week. Defendants cannot be expected to conduct discovery and adequately complete dispositive motions in that one week time period.

This "prejudice" factor weighs heavily against allowing the Third Amended Complaint.

### D. Availability of Continuance to Cure Prejudice

The prejudice related to litigating the preemption issue and conducting additional, repetitious discovery cannot be cured by extending the current deadlines.

To the extent the prejudice related to the expiration of the discovery period and the imminent deadline for motions could be cured by a continuance, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S&W Enters.*, 315 F.3d at 535 (citations omitted). The Court in this case exercises that discretion to preserve the integrity of the current Docket Control Order and, therefore, declines to extend the discovery and motions deadlines.

### IV. CONCLUSION AND ORDER

Although the "importance" factor weighs slightly in Plaintiff's favor, the other three factors weigh heavily against allowing the Third Amended Complaint. Plaintiff has failed to show good cause for the Court to modify its docket control order and permit the significantly late amendment. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 56] is **DENIED** and the Third Amended Complaint [Doc. # 57] is **STRICKEN**.

SIGNED at Houston, Texas, this **12th** day of **April, 2010**.

_____
Nancy F. Atlas
United States District Judge