IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN D. CLAYTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3447 |
| | § | |
| CONOCOPHILLIPS COMPANY, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

By Memorandum and Order [Doc. # 120] entered July 2, 2010, the Court granted Defendants ConocoPhillips Company and James McMorran's Motion for Summary Judgment, and granted in part Defendants Wachovia Bank, N.A. and the Amended and Restated Burlington Resources, Inc. Employee Change in Control Severance Plan's Motion for Summary Judgment. The Court noted, however, that the Plan Administrator failed to evaluate and decide whether a waiver executed by Plaintiff John D. Clayton was invalid. Because the Plan Administrator failed to consider and decide the issue regarding the validity of the waiver, the Court denied the Plan's Motion for Summary Judgment on the waiver issue and directed the remaining parties to brief whether the issue should be remanded to the Plan Administrator for a decision or whether it should be decided by the Court *ab initio*.

The Plan submitted a Brief [Doc. # 125], asserting that the issue should be remanded to the Plan Administrator for a determination whether the waiver is valid. Plaintiff submitted a Brief [Doc. # 126], asserting that the Court should decide the waiver issue itself rather than remand the issue to the Plan Administrator.  Plaintiff argues that the Plan Administrator is biased and that, if the issue is remanded, he fears he "will not enjoy a truly impartial hearing . . .."  *See* Plaintiff's Brief, p. 8.

The Court has reviewed the briefs and the binding legal authority.  The Court finds that the Fifth Circuit's decision in *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388 (5th Cir. 1998) is controlling.  In *Schadler*, the plan administrator failed to consider whether the "self-inflicted injury exclusion" applied to preclude benefits, so the district court determined *de novo* that the exclusion applied.  The Fifth Circuit reversed and remanded the case with instructions to remand to the plan administrator for further proceedings.  The Fifth Circuit noted that the federal courts "should not allow [themselves] to be seduced into making a decision which belongs to the plan administrator in the first instance."  *Schadler*, 147 F.3d at 398.  The Fifth Circuit stated that it "would stand ERISA on its head if we countenanced bypassing the procedures provided by the statute for making benefits decisions in favor of making the initial benefits decisions ourselves."  *Id.*  The Fifth Circuit then concluded that

"the district court erred in engaging in a de novo review and making the factual and legal inquiry in the first instance."  *Id.*

The Court concludes that the case should be remanded to the Plan Administrator for full review and determination regarding whether the waiver signed by Plaintiff is valid.  Plaintiff is entitled to a fair and unbiased analysis of the waiver issue by the Plan Administrator, and this Court expects that he will receive nothing less.  Accordingly, it is hereby

**ORDERED** that the waiver issue is **REMANDED** to the Plan Administrator for decision.  It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the Plan Administrator's decision.  Counsel shall advise the Court in writing when the Plan Administrator's decision has become final and, if appropriate, shall file a motion for reinstatement of this case on the Court's active docket.

SIGNED at Houston, Texas, this **29th** day of **July, 2010**.

Nancy F. Atlas
United States District Judge