# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOHN D. CLAYTON, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-3447 |
| § | |
| CONOCOPHILLIPS COMPANY, § | |
| *et al.*, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 134] filed by Defendant, the Amended and Restated Burlington Resources, Inc. Employee Change in Control Severance Plan ("Burlington Plan" or "Plan"), to which Plaintiff John D. Clayton filed a Response [Doc. # 167]. Also pending are Plaintiff's challenge to the Plan Trustee's denial of attorneys' fees [Doc. # 161], to which the Plan filed a Response [Doc. # 166], and Plaintiff filed a Reply [Doc. # 169]. Also pending is Plaintiff's challenge to the Plan Trustee's decision on the remanded waiver issue [Doc. # 162], to which the Plan filed a Response [Doc. # 165], and Plaintiff filed a Reply [Doc. # 168]. Having carefully reviewed the full record and having applied the governing legal standards, the Court **grants** the Plan's Motion and **denies** Plaintiff's challenges to the Plan Trustee's decisions.

## I.  BACKGROUND

Plaintiff worked for Burlington Resources, Inc. ("Burlington") as the Director of Worldwide Acquisitions and Divestitures.  Effective March 31, 2006, Burlington and Conoco merged.  During the merger process, Plaintiff was given an Offer Letter in which Conoco offered Plaintiff continued employment in the merged company as the Manager of Acquisitions and Divestitures in the "U.S. Lower 48 Exploration and Business Development" group in Houston, Texas.  In accordance with the Offer Letter, Plaintiff's salary would remain the same – $17,705.00 per month.

On March 20, 2006, Plaintiff accepted Conoco's offer for continued employment.  In connection with his acceptance of Conoco's offer of employment, Plaintiff signed a waiver of his rights to severance benefits under the Burlington Plan based on the changes between his job with Burlington and his job with Conoco.

On August 8, 2006, Plaintiff submitted a claim for severance benefits to Conoco.  Conoco responded that it did not believe Plaintiff qualified for the benefits, but advised him that he could make a claim for severance benefits to Wachovia Bank, N.A., the Trustee of the Burlington Plan ("Plan Trustee").  Plaintiff continued to work for Conoco and did not file a claim for severance benefits with Wachovia.

Plaintiff's job title later changed to "U.S. Lower 48 Manager of Business Development."  Plaintiff continued to work for Conoco.

Plaintiff voluntarily resigned his employment with Conoco in March 2008, almost two years after the merger of Burlington and Conoco. At that same time, Plaintiff submitted a claim for severance benefits to Wachovia. Plaintiff's claim for benefits was denied and he filed this lawsuit. Plaintiff asserted a breach of contract claim based on Conoco's alleged breach of the Offer Letter and an ERISA claim based on the denial of his claim for severance benefits. By Memorandum and Order [Doc. # 120] entered July 2, 2010 ("July 2010 Opinion), the Court granted summary judgment in Conoco's favor on the breach of contract claim. The Court also upheld the Plan Trustee's decision on all issues that were actually decided, but noted that the Plan Trustee failed to address Clayton's argument that the waiver was invalid and, as a result, he was entitled to severance benefits based on a comparison between his job with Burlington and his job with Conoco. The Court remanded the waiver issue to the Plan Trustee for a decision.

After the Plan Trustee issued its decision on the waiver issue, Clayton submitted a request for attorneys' fees. The Court again stayed this case pending a decision by the Plan Trustee on the attorneys' fees issue.

The Plan Trustee has now issued decisions on both the waiver and the attorneys' fees issues. The Plan's Motion for Summary Judgment and Plaintiff's challenges to those decisions are now ripe.

## II.   STANDARD OF REVIEW

The United States Supreme Court has held that the denial of benefits under an ERISA plan is "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Lain v. Unum Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002).  The Court has previously determined in this case that the Burlington Plan grants the Trustee "sole discretion" to decide whether to make benefit payments "without direction from the Company or an Affiliate," thus giving the Plan Trustee discretionary authority to decide claims for benefits.  *See* July 2010 Opinion, pp. 12-13.

Where, as here, the Plan Trustee has discretion to decide claims for benefits, the Court reviews the Plan Trustee's factual determinations and plan interpretations for an abuse of discretion.  *See Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 611 (5th Cir. 1999); *Graham v. Metropolitan Life Ins. Co.*, 349 F. App'x 957, 961 (5th Cir. Oct. 22, 2009).  The Court reviews the Plan Trustee's statutory and legal conclusions *de novo*.  *See Dial*, 174 F.3d at 611.

The "abuse of discretion" standard is the "functional equivalent of arbitrary and capricious review."  *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512 (5th Cir. 2010).

A decision is arbitrary if it is "made without a rational connection between the known facts and the decision." *Id.* (quoting *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 169 F.3d 211, 215 (5th Cir. 1999)). The Court is limited to review of the administrative record that existed at the time of review by the plan administrator. *Read v. Sun Life Assur. Co.*, 268 F. App'x 369, 371 (5th Cir. Mar. 7, 2008) (citing *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000)).

The Plan Trustee's factual determinations are entitled to deference if they are supported by substantial evidence. *See Anderson*, 619 F.3d at 512. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 398 (5th Cir. 2007)). A party challenging the plan administrator's factual determinations cannot merely show that there is a genuine issue of material fact, he must show that there was not substantial evidence in the record before the administrator to support the administrator's decision. *See Caples v. U.S. Foodservice, Inc.*, 2011 WL 4605375, *3 (5th Cir. Oct. 6, 2011).

## III. <u>VALIDITY OF WAIVER</u>

Clayton alleges that his claim for severance benefits under the Plan was improperly denied. For purposes of the waiver issue, Clayton claims entitlement to

benefits under the Burlington Plan because his resignation from Conoco within two years of the merger was for "good reason" as defined under Section 2.12 of the Plan because it was the result of a "substantial reduction of [his] position or responsibilities."

In his claim to the Plan Trustee for benefits under the Plan, Clayton acknowledged that he signed a waiver of any claim for Plan benefits based on the substantial reduction of his responsibilities based on a comparison between the job he was performing for Burlington before the merger and the job with Conoco that he accepted on March 20, 2006. The waiver specifically applied to any claim Clayton may have to receive severance benefits as a result of the change in control should Clayton voluntarily terminate his employment. Clayton asserted, however, that the waiver was invalid and, therefore, he was entitled to severance benefits based on "the recognized and agreed reduction in job scope and responsibilities between [his] Burlington position as Director, World-wide Acquisitions and Divestitures and [his] position after the merger with ConocoPhillips." *See* March 4, 2008, Claim for Benefits, p. 2, ¶ h.

### A.   Plan Trustee's Decision

On remand, the Plan Trustee denied the claim, finding that Clayton signed a waiver precluding a claim for severance benefits based on a comparison between his

job with Burlington and his job with Conoco, and rejecting Clayton's assertion that the waiver was invalid. *See* Plan Trustee's Decision on Waiver, Exh. 1 to Plaintiff's Notification of Ruling by Administrator [Doc. # 128]. The Plan Trustee stated the correct legal standard for a valid waiver generally, then analyzed whether the record established that the waiver was invalid. *See id.* at 2-5. The Plan Trustee also rejected Plaintiff's assertion that the waiver was invalid because it was fraudulently induced and because Conoco materially breached its contract with Plaintiff. *See id.* at 5-6.

### B.   Parol Evidence

Plaintiff argues that the Plan Trustee's decision in several respects was based on a legally incorrect application of the parol evidence rule. "The parol evidence rule applies when parties have a valid, integrated written agreement, and precludes enforcement of prior or contemporaneous agreements." *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011, reh'g denied). "[W]hen interpreting an integrated writing, the parol evidence rule circumscribes the use of extrinsic evidence." *Id.* (quoting *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518-19 (Tex. 1968)). The rule does not preclude evidence of "surrounding circumstances that inform, rather than vary from or contradict, the contract text." *Id.* Such circumstances include "the commercial or other setting in which the contract was negotiated and other objectively determinable

factors that give a context to the transaction between the parties." *Id.* (citation omitted).

The Plan Trustee correctly stated and applied the parol evidence rule. The Plan Trustee found that the Offer Letter, which included the waiver, appeared to be integrated because it contained "the specific terms of Clayton's compensation and benefits." *See* Plan Trustee's Decision on Waiver, p. 3. The Offer Letter stated that Clayton would serve as "Mgr. A&D"[1] in the "Lower 48, Exploration and Business Development" division. The Plan Trustee found further evidence that the Offer Letter was an integrated agreement in the undisputed fact that both parties began to perform under it immediately and continued to perform under it for almost two years until Clayton resigned in 2008.

Clayton sought to introduce evidence that he was promised that his job with Conoco, a significantly larger company than Burlington, would include the same responsibilities he had before the merger except for the geographic region.

---

[1] Prior to signing the waiver, Clayton learned that his official title would be "Manager, Lower 48 Business Development." At Conoco and other companies, including Clayton's current employer, "business development" includes A&D (acquisitions and divestiture) as well as other functions. Clayton does not dispute this assertion. Additionally, Clayton participated in the integration leadership team that shaped the new positions at Conoco following the merger, including his own position. For that reason and because there is some general agreement in the industry that "Business Development" includes A&D responsibilities, the title change from "Manager A&D" to "Manager Business Development" was not a material change.

Specifically, Clayton claimed that Conoco asked him to implement the "Burlington Model" to "build out the new A&D organization" and incorporate Burlington's growth strategies at Conoco.

Clayton was offered and accepted the position of "Manager A&D" (later changed to "Manager Business Development"). Clayton complains, however, that in that position with Conoco he did not have full and final decision-making authority for all Conoco acquisitions and divestitures in the Lower 48. For example, Clayton complains that when he expressed the view that Houston Exploration was not a good target for acquisition, his view was not accepted as final. Similarly, Clayton complains that at Conoco he was required to handle acquisitions of undeveloped properties rather than focus exclusively on acquisitions of producing, developing properties.

Clayton's complaints about the Plan Trustee's ruling are unavailing. The responsibility for handling acquisitions of developed and undeveloped properties, and the absence of final decision-making authority are both consistent with the position of "Manager" of A&D. To the extent Clayton also argues he was promised responsibility to "build out the new A&D organization" or to implement the "Burlington Model," parol evidence of these pre-contract promised duties is an

attempt to alter or vary the written Offer Letter. The Plan Trustee's ruling that this evidence was precluded by the parol evidence rule is correct.

Plaintiff argues that the Plan Trustee committed legal error when he failed to distinguish between an agreement that is "integrated" and one that is "fully integrated." Plaintiff argued before the Plan Trustee that because the Offer Letter did not include an integration clause, parol evidence of alleged oral promises was admissible. Plaintiff asserts before this Court that the Plan Trustee "assumed that the contract was fully integrated solely because it was written." *See* Plaintiff's Brief Appealing Waiver Decision [Doc. # 135], p. 22. The Plan Trustee's decision, however, did not include an assumption or a finding that the Offer Letter was a "fully integrated" contract; the finding was only that the contract was presumed to be "integrated" (rather than "fully integrated") because it was in writing. *See* Plan Trustee's Decision on Waiver, p. 3. The Plan Trustee then applied the parol evidence rule to what he determined was an "integrated" contract.

The Texas Supreme Court in its 2011 decision in *Houston Exploration* held that extrinsic evidence is precluded when offered to contradict an "integrated" written agreement. *Houston Exploration*, 352 S.W.3d at 469. The Texas Supreme Court in a footnote in *Houston Exploration* cited the Restatement (Second) of Contracts as stating that a "binding integrated agreement" precludes extrinsic evidence of a prior

agreement to the extent it is inconsistent with the terms of the written agreement and "a binding completely integrated agreement" precludes extrinsic evidence of prior agreements "to the extent that they are within its scope." *See id.* at 469 n.26. The Plan Trustee in this case did not, however, apply the parol evidence rule to exclude extrinsic evidence simply because it was "within the scope" of the Offer Letter as he would be allowed to do if the contract were "fully integrated." Instead, the Plan Trustee correctly applied the parol evidence rule to exclude extrinsic evidence of alleged promises that he found was offered to alter or contradict the terms of the "integrated" Offer Letter. *See* Plan Trustee's Decision on Waiver, pp. 3, 6.

The Plan Trustee's application of the parol evidence rule in this case, reviewed *de novo*, was correct.

### C. Validity of Clayton's Waiver Generally

#### 1. Conoco's Burden

The Plan Trustee found that Conoco had satisfied its burden to prove that Clayton signed the waiver, received adequate consideration, and then breached the release and waiver. Indeed, it was undisputed that Clayton signed the waiver and that, if the waiver was valid, suing for severance benefits was a breach.

The Plan Trustee correctly found that Clayton received adequate consideration for the waiver. For purposes of this element of the waiver analysis, the Plan Trustee

correctly found that Conoco "was not obligated by law or contract to offer Clayton a position" with the newly-merged company. Although the offer of at-will employment is often inadequate consideration for a separate agreement, such as a covenant not to compete, such an offer can become an "otherwise enforceable agreement at the time the agreement is made" if the employer follows through on the promise. *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 646 (Tex. 2006). Here it is undisputed that Conoco followed through on its offer by employing Clayton for almost two years. Acceptance of the position and receipt of the salary and benefits constituted adequate consideration for the waiver.

### 2.  **Clayton's Burden**

The Plan Trustee next stated the correct legal principles for Clayton to prove that the waiver was invalid and listed the relevant factors for making that determination, citing *O'Hare v. Global Natural Resources, Inc.*, 898 F.2d 1015, 1017 (5th Cir. 1990). The Plan Trustee discussed each factor, finding that the factor regarding Clayton's role in deciding the terms of the waiver was the only factor that supported a finding that the waiver was invalid. The Plan Trustee found that Clayton did not consult with an attorney prior to signing the waiver, but found that the factor neither supported nor negated a finding of invalidity because of "his vast experience in negotiating and closing deals in the millions of dollars" and the simplicity of the

waiver. The Plan Trustee found that Clayton had significant education and business experience, that Clayton had an adequate amount of time to review the waiver before he signed it, and that the waiver was clear and unambiguous, all supporting a finding that the waiver was valid.

The Plan Trustee found that Clayton received consideration for the waiver that exceeded the benefits to which he was already entitled. Clayton argues that this finding is erroneous because Clayton was entitled under the Burlington Plan to two years of salary and benefits, which was no more than he received by working the almost two years after the merger. Clayton concedes, however, that "prestigious and challenging positions are attractive as much for – if not more so because of – their scope of responsibility and experience rather than the financial compensation they offer." *See* Plaintiff's Brief Appealing Waiver Decision [Doc. # 135], p. 23. In this case, the undisputed evidence is that Clayton accepted an offer to work for, and for almost two years actually worked for, Conoco rather than receive the same salary and benefits without working. Clayton received employment and valuable experience with Conoco, a larger company than Clayton's prior employer, that may well have been viewed favorably by the employer for whom Clayton resigned his position with Conoco. There is substantial evidence in the record to support the Plan Trustee's factual determination that Clayton received consideration for the waiver that exceeded

what he would have received under the Plan had he resigned rather than sign the waiver.

### D.  Fraudulent Inducement Argument

Clayton asserted before the Plan Trustee that the waiver was invalid because it was fraudulently induced by Conoco's alleged promises regarding the scope of responsibility of Clayton's new position with Conoco. The Plan Trustee correctly stated the elements of a fraudulent inducement claim, citing *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008). The Plan Trustee then concluded that Clayton failed to establish at least three of the six elements. The Court agrees. Even assuming that Conoco made promises as alleged by Clayton, he failed to establish that the speakers knew the statements were false or made them recklessly. Additionally, Clayton failed to establish that he suffered injury because he failed to show that he was "worse off for having chosen the job rather than choosing the severance benefits." The Plan Trustee's factual determinations are supported by substantial evidence in the record.

### E.  Material Breach Argument

Clayton argued that the waiver was invalid because of a prior, material breach by Conoco. As noted correctly by the Plan Trustee, Clayton's evidence on this issue is the same evidence that is excluded by the parol evidence rule. The alleged promises were not part of the written agreement. The Plan Trustee correctly stated that

"Clayton is alleging a breach of the contract he wishes he had made, not the contract he actually made." Whether reviewed *de novo* or under an "abuse of discretion" standard, the Court denies Clayton's challenge to the Plan Trustee's decision that Clayton failed to establish a prior, material breach by Conoco that would render the waiver invalid.

### F. Ratification

The Plan Trustee decided that, even if Clayton had shown that the waiver was invalid on any of the bases asserted, his decision to continue working in the new position for almost two years after he discovered that his position was not what he had allegedly been promised constituted ratification of the waiver. The Court agrees. "When an employee continues working with knowledge of changes to the employment relationship, he or she accepts the modified terms as a matter of law." *City of Odessa v. Barton*, 967 S.W.2d 834, 835 (Tex. 1998); *see also Jones v. Fujitsu Network Commc'ns, Inc.*, 81 F. Supp. 2d 688, 692 (N.D. Tex. 1999); *Somodevilla v. City of Dallas*, 2002 WL 1592602, *3 (N.D. Tex. July 16, 2002).

In this case, Clayton concedes that shortly after the merger, he realized that his responsibilities were not what he had allegedly been promised. It is undisputed that Clayton continued to work in his new position with Conoco for almost two years thereafter. The Plan Trustee correctly concluded that this constituted ratification of

the waiver, even if it would otherwise have been invalid on any of the bases asserted by Clayton.

## IV. ATTORNEY'S FEES

Clayton has requested reimbursement of his attorneys' fees incurred in seeking to obtain severance benefits under the Plan. Specifically, Clayton seeks reimbursement of his attorneys' fees pursuant to Paragraph 8.1 of the Plan which provides that Conoco will pay all legal fees and expenses "reasonably and in good faith incurred by a Participant as they become due as a result of the Participant seeking to obtain or enforce any right or benefit provided by this Plan upon or following the termination of his employment." The Plan Trustee determined that Clayton is not entitled to reimbursement of legal fees and expenses.

Clayton argues that he incurred over $250,000.00 in legal fees and expenses in this case "reasonably and in good faith" as required by Paragraph 8.1. The initial inquiry, however, is whether Clayton is a "Participant" as defined by the Plan. As the Plan Trustee correctly noted, if Clayton is not a "Participant" as defined by the Plan, "he is not entitled to legal fees, whether or not he seeks them in good faith and whether or not they are reasonable." *See* Plan Trustee's Decision on Attorneys' Fees, Exhibit 1 to Plaintiff's Notification of Ruling [Doc. # 139], p. 4.

The Plan defines Participant as "an employee who meets the eligibility requirements of Article III," but provides further that an employee "shall cease to be a Participant in the Plan . . . if his employment is terminated following a Change in Control under circumstances where he is not entitled to a Severance Benefit under the terms of the Plan." *See* Plan, Exh. 2 to Conoco's Response to Motion to Remand [Doc. # 12], ¶ 8.1, ¶ 3.2. For the reasons discussed in the July 2010 Opinion and herein, Clayton resigned his employment with Conoco "under circumstances where he is not entitled to a Severance Benefit under the terms of the Plan." Consequently, upon his resignation effective March 18, 2008, Clayton ceased to be a Participant as defined by the Plan and was no longer entitled to reimbursement of legal fees and expenses.

Clayton argues that he is entitled to reimbursement of his legal fees and expenses in this case based on Conoco's argument and this Court's ruling that Clayton is a Participant under the Plan for purposes of ERISA jurisdiction. The jurisdictional issue, however, was decided based on the legal requirements for qualifying as a Participant under ERISA. ERISA defines a "participant" as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7). The Supreme Court has interpreted this definition to include a former employee who has "a 'colorable claim' to vested

benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989); *see also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1223 (10th Cir. 2011). The definition of Participant for purposes of ERISA jurisdiction, which includes any former employee with a colorable claim to ERISA benefits, is much broader than the definition of Participant under the Plan, which is restricted to current employees and those employees who terminate their employment under circumstances where they are actually entitled to benefits under the Plan. Conoco's arguments and the Court's prior ruling on ERISA jurisdiction do not require a finding that Clayton satisfies the definition of "Participant" under the Plan.

The Plan Trustee correctly determined that Clayton ceased to be a Participant under the Plan when he resigned under circumstances where he was not entitled to Severance Benefits under the Plan. Because he ceased to be a Participant under the Plan when his resignation became effective, he is not entitled to reimbursement of his legal fees and expenses in this case incurred after his resignation.

## V.    CONCLUSION AND ORDER

The Plan Trustee's factual determinations are supported by substantial evidence in the record before him. Plaintiff has not shown that the Plan Trustee was in error or acted in an arbitrary and capricious manner when denying Plaintiff's claim for severance benefits based on the finding that the waiver Plaintiff signed on March 20,

2006, was not invalid. Plaintiff has failed to show that the Plan Trustee was in error or acted in an arbitrary and capricious manner when denying the request for attorneys' fees. The Court's decisions on the waiver and attorneys' fees issues would be the same whether applying an "arbitrary and capricious" standard of review or *de novo* review. Accordingly, it is hereby

**ORDERED** that the Plan's Motion for Summary Judgment [Doc. # 134] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motions for Summary Judgment [Docs. # 161 and # 162] are **DENIED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **20th** day of **January, 2012**.

_____
Nancy F. Atlas
United States District Judge